**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | No. 18-04006-01-CR-C-BCW |
| **JAMES ANTHONY GUTHRIE, III**, | |
| Defendant. | |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION
AND CONTINUANCE OF HEARING DATE**

COMES NOW the United States of America, by and through Timothy A. Garrison, the United States Attorney for the Western District of Missouri, and moves the Court, pursuant to Title 18, United States Code, Section 3142, to detain the defendant, James Anthony Guthrie, III, without bond pending trial on the instant matter. The Government also moves for a continuance of three (3) days for a hearing on this Motion as provided in Title 18, United States Code, Section 3142(f).

**A.     Grounds for the Motion**

In support of the motion to detain, the Government asserts as follows:

(1)     There is probable cause to believe that the defendant committed two felonies, as an Indictment was returned on or about January 17, 2018, charging the defendant with attempted coercion and enticement of a minor, in violation Title 18, United States Code, Section 2422(b) (Count 1); and attempted production of child pornography, in violation Title 18, United States Code, Section 2251(a) (Count 2).

(2)     As charged in Count 1, the defendant faces a minimum term of imprisonment of ten (10) years, a maximum term of imprisonment of life, and a fine of up to $250,000. As charged

in Count 2, the defendant faces a minimum term of imprisonment of fifteen (15) years, a maximum term of thirty (30) years imprisonment, and a fine of up to $250,000.

(3) The Indictment charges the defendant with a felony "involving a minor victim under section 2422(b) and 2251(a)." 18 U.S.C. § 3142(f)(1)(E).

(4) The Government hereby requests that the Court hold a hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant, the safety of any other person, or the safety of the community. 18 U.S.C. § 3142(f)(1)(E).

(5) Moreover, the Government asserts that the particular facts of this investigation and facts related to this case show that the defendant is a danger to the community, that he is not amenable to supervision, and is a flight risk. In this matter, the defendant has admitted to chatting with multiple minor children using the internet. The defendant discussed sexual matters and induced the minor children to produce child pornography. Additionally, the defendant is alleged to have enticed a minor child to engage in sexual activity using the internet during a two (2) year period. The defendant knew that the minor child was age 14 at the time he began speaking with the minor victim. Additionally, the defendant has admitted to traveling to North Carolina multiple times, and having sexual intercourse with a minor victim from Count 1 when she was 15 years old. The defendant has not only discussed sexual matters with minor victims, but has admittedly acted upon those sexual conversations on multiple occasions. This shows that the defendant is a danger to the community, is not amenable to supervision, and is a flight risk.

(6) The Government submits that there is clear and convincing evidence that there are no conditions which the Court could place on the defendant's release which would reasonably assure his future appearance in Court and the safety of the community. *See* 18 U.S.C. §

3142(g)(1). Among the factors the Court may consider are: (1) the nature and circumstances of the offense, including whether the offense involves minor; (2) the weight of the evidence; (3) the history and characteristics of the defendant, including character, lack of employment, past conduct, criminal history, history related to drug or alcohol abuse, whether the defendant was on probation/parole at the time of the arrest or when the offense occurred, his conduct while on release on earlier charges, and also while confined; and (4) the nature and seriousness of the danger to the community to any person a release of the defendant might pose. Because of all these considerations and more, the Government requests that a detention hearing be held and that the defendant be detained. *See generally, United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Warren*, 787 F.2d 1237, 1338 (8th Cir. 1986).

(7) The Government reserves the right at the hearing to further expand its claims that the defendant is both a risk of flight and a danger to the community, and that no conditions or set of conditions can ensure his appearance or the community's safety. The Government may file an additional motion detailing additional factors once the pretrial report has been completed, and the defendant's criminal history is more particularly set forth.

(8) The Government requests three (3) days to prepare for the hearing to be set pursuant to the instant motion. *See* 18 U.S.C § 3142(f). The defendant can ask for additional time. *Id*.

**B.  Relief: Request for Detention.**

For all of the reasons set forth above, the Government requests that the Court detain the defendant without bond based on dangerousness and risk of flight, and find that no condition or set of conditions can both assure the defendant's appearance at trial and the safety of the community.

Respectfully submitted,

**Timothy A. Garrison**
United States Attorney

By  /S/

**Ashley S. Turner**
Assistant United States Attorney
Missouri Bar No. 62314

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on January 18, 2018, to the CM-ECF system of the United States District Court for the Western District of Missouri.

/S/
**Ashley S. Turner**
Assistant United States Attorney